IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | | |
|---|---|---|
| DAVID BALLINGER, | * | |
| | * | |
| Plaintiff, | * | |
| v. | * | |
| | * | No. 4:16-cv-00006-JJV |
| CAROLYN W. COLVIN, | * | |
| Acting Commissioner, Social Security | * | |
| Administration, | * | |
| Defendant. | * | |

**MEMORANDUM AND ORDER**

Plaintiff, David Ballinger, has appealed the final decision of the Commissioner of the Social Security Administration to deny his claim for disability benefits and supplemental security income. The Administrative Law Judge (ALJ) concluded Plaintiff had not been under a disability within the meaning of the Social Security Act. The Appeals Council denied Plaintiff's request for a review, making the ALJ's decision the final decision of the Commissioner.

This review function is extremely limited. A court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and to analyze whether Plaintiff was denied benefits due to legal error. *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997); *see also*, 42 U.S.C. § 405(g). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Reynolds v. Chater*, 82 F.3d 254, 257 (8th Cir. 1996).

In assessing the substantiality of the evidence, a court must consider evidence that detracts from the Commissioner's decision as well as evidence that supports it. A court may not, however, reverse the Commissioner's decision merely because substantial evidence would have supported an opposite decision. *Woolf v. Shalala*, 3 F.3d 1210, 1213 (8th Cir. 1993).

The history of the administrative proceedings and the statement of facts relevant to this decision are contained in the respective briefs and are not in serious dispute. Therefore, they will not be repeated in this opinion except as necessary. After careful consideration of the record as a whole, I find the decision of the Commissioner is supported by substantial evidence.

In support of his Complaint, Plaintiff argues, among other things, his condition has worsened, his medications impair his ability to function, the combination of his impairments prevent him from working, and vocational expert testimony supports his claim of disability. (Doc. No. 15.)

With regard to Plaintiff's argument that his conditioned has worsened, I agree with the Commissioner that this provides no basis for reversal of the ALJ's decision. "Additional evidence showing a deterioration in a claimant's condition significantly after the date of the Commissioner's final decision is not a material basis for remand, although it may be grounds for a new application for benefits." *Jones v. Callahan*, 122 F.3d 1148, 1154 (8th Cir. 1997).

Plaintiff's strongest evidence is the opinion of R. Paul Tucker, M.D. Dr. Tucker performed a general physical examination of Plaintiff. (Tr. 287-292.) Dr. Tucker stated, "He can walk reasonably well. He lost his job in 2007 because he could not pass the DOT examination. He has been a truck driver and needs to hear. He has constant tinnitus. These limitations make his ability to find meaningful employment unlikely." (Tr. 292.) The ALJ gave great weight to Dr. Tucker's opinion but gave "no weight to the subjective statement about it being unlikely to find work." (Tr. 34.)

I find that the ALJ could properly discount Dr. Tucker's opinion in this regard. Dr. Tucker's statement appears to address Plaintiff's ability to continue to work as a truck driver. Additionally, after his general physical examination, Plaintiff was seen by Melanie H. Smith, M.D., for an audiology consultation. (Tr. 299-306.) Dr. Smith recommended hearing aids but concluded Plaintiff

had moderate hearing loss in his right ear and mild hearing loss in his left hear. (Tr. 305.) She further concluded Plaintiff had "excellent word recognition on left and good on right." (*Id.*)

I do not take lightly Dr. Tucker's statement that Plaintiff's diabetes is untreated because Plaintiff has no funds. (Tr. 292.) But I also note that Plaintiff professed to a regular habit of smoking cigarettes. (Tr. 66.) Smoking is both unhealthy for Plaintiff and expensive.

Plaintiff has advanced other arguments that I have considered and find to be without merit. I am sympathetic to Mr. Ballinger's claims. There is evidence he has limitations related to his impairments. But the ALJ's finding that he could perform a reduced range of light work during the relevant time period is supported by the record. *Davis v. Apfel*, 239 F.3d 962 (8th Cir. 2001) ("We may not reverse merely because substantial evidence also exists that would support a contrary outcome, or because we would have decided the case differently.") It is not the task of this Court to review the evidence and make an independent decision. Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts his findings. The test is whether there is substantial evidence on the record as a whole which supports the decision of the ALJ. *E.g., Mapes v. Chater*, 82 F.3d 259, 262 (8th Cir. 1996); *Pratt v. Sullivan*, 956 F.2d 830, 833 (8th Cir. 1992).

I have reviewed the entire record, including the briefs, the ALJ's decision, the transcript of the hearing, and the medical and other evidence. There is ample evidence on the record as a whole that a reasonable mind might accept as adequate to support [the] conclusion of the ALJ in this case. *Richardson v. Perales*, 402 U.S. at 401; *see also Reutter ex rel. Reutter v. Barnhart*, 372 F.3d 946, 950 (8th Cir. 2004). The Commissioner's decision is not based on legal error.

IT IS, THEREFORE, ORDERED that the final determination of the Commissioner is affirmed and Plaintiff's Complaint is dismissed with prejudice.

SO ORDERED this 1st day of August, 2016.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE